## JAMES & CORDELL *v.* SAUNDERS.

LUMPKIN, J. 1. The provisions of the Civil Code, § 4927, in regard to applications for injunction to prevent the cutting of timber, without alleging insolvency, where the petitioner has perfect title to the land and shall attach an abstract of title to his petition, have reference only to applications for injunction.

2. It is not necessary in an action for damages for trespass committed by cutting timber to attach such an abstract, if a sufficient allegation of title is made.

3. Where a suit was brought seeking to enjoin the cutting of timber and also to recover damages for the trespass already committed, and the petition contained a sufficient allegation of title, and prayers to support the action for damages, but did not comply with section 4927 of the Civil Code as to abstract of title; and where on the trial the plaintiffs abandoned any claim for injunction and stated that they would proceed only for damages, it was error to dismiss the petition on the ground that no sufficient abstract of title was attached thereto.

4. Where the allegations and prayers of a petition were sufficient for a suit for damages, but there was not attached a sufficient abstract of title to comply with the statute in regard to enjoining the cutting of timber, on special demurrer the defective parts might have been eliminated.

5. When counsel for the plaintiffs orally announced in open court that they abandoned any claim to proceed for an injunction, and would only proceed for damages, on proper motion the presiding judge would probably have required such election or abandonment to be put in writing as an amendment or part of the record, or would by order have stricken from the petition the proceeding for injunction.

6. But where a statement is made in the bill of exceptions that the defendant moved to dismiss the entire petition on the ground that there was not a correct and complete abstract of title attached thereto; and that in reply the plaintiffs expressly abandoned, in open court, their claim for an injunction, and stated that they would proceed only for the purpose of recovering damages to their property, "by reason of the acts set out in the petition, and refused to amend the same so as to meet the defendant's motion," this does not show that the point referred to in the preceding note was raised and passed upon; but it will be construed to mean that the plaintiff refused to amend by attaching a complete abstract so as to meet the question raised by the motion.

7. Under the preceding rulings, it is unnecessary to pass upon the motion to send for an additional transcript of the record, so as to show that a plea had been filed and that the defendant was not in default.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906,—Decided January 16, 1907.

Equitable petition. Before Judge Mitchell. Echols superior court. September 12, 1905.

*S. Burkhalter* and *Wilcox & Patterson,* for plaintiffs.

*Simon W. Hitch,* for defendant.